Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed January 9, 2004

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(MCDOUGAL FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges.*

### O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Susan McDougal for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Susan McDougal for attorneys' fees that she incurred

during the investigation by Independent Counsel be denied.

*PER CURIAM*

For the Court:

Mark J. Langer, Clerk

By:

Marilyn R. Sargent

Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed January 9, 2004

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(MCDOUGAL FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion of the Special Court filed PER CURIAM.

PER CURIAM: Susan McDougal, who was indicted and convicted in connection with the Independent Counsel's investigation of fraudulent activity at the Madison Guaranty Savings and Loan, petitions the court for reimbursement of attorneys' fees in the amount of $345,412 under § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–99 (2000) (the Act). Because the Act provides for reimbursement of attorneys' fees only to individuals against whom "no indictment is brought," we hold that McDougal's application is invalid on its face.

**Background**

Under the unique provisions of the Ethics in Government Act, this court is empowered to award reimbursement for attorneys' fees under the terms of 28 U.S.C. § 593(f)(1). That section states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

We have often discussed the elements of entitlement to attorneys' fees under the Act, *see, e.g.*, *In re Madison Guaranty Savings & Loan (Clinton Fee Application)*, 334 F.3d 1119, 1123 (D.C. Cir., Spec. Div., 2003) (per curiam); *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam); *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C. Cir., Spec. Div., 1993) (per curiam). In most cases in which we have held the applicant not entitled to a fee award, it has been because of the failure of the applicant to prove the "but for" element. We have also held that the fees were not incurred by a "subject" of the investigation or "during" the investigation. In this rare case, we need not probe so far. On the face of her application, McDougal has admitted that she does not meet a threshold requirement for entitlement under the statute. In the words of the statute, the court may only make such award "if no indictment is brought against such individual. . . ." The second sentence of McDougal's application declares that her "participation in this matter has resulted in two multi-count felony indictments. . . ." On the face of the application, McDougal is not entitled to any fee award.

**Analysis**

There is no question that McDougal meets some of the requirements of the statute. She was a subject of the

investigation, and she incurred attorneys' fees. However, as McDougal admits in her application, on August 17, 1995, the Independent Counsel obtained from a federal grand jury an indictment charging McDougal with eight counts of criminal wrongdoing and financial transactions involving Madison Guaranty and Capital Management Services, Inc., the principal matter then under investigation by the Independent Counsel. As a result of this indictment, McDougal was convicted on four of the eight counts and sentenced to two years in prison. By the words of the statute, this indictment disqualifies McDougal from the receipt of any counsel fees. Without elaboration, McDougal declares in a footnote to her fee petition that "on January 20, 2001, Ms. McDougal was granted a full and unconditional Presidential pardon in relation to the 1995 indictment and conviction." The pardon is immaterial.

We confronted this question once before. In *In re North (George Fee Application)*, 62 F.3d 1434 (D.C. Cir., Spec. Div., 1994) (per curiam), a subject who had been indicted but pardoned sought attorneys' fees. In that case, we reviewed the effects of pardons in various circumstances throughout our constitutional history. *Id.* at 1435–36. We relied heavily on *Knote v. United States*, 95 U.S. (5 Otto) 149 (1877), a case involving a confederate supporter who had lost his property through confiscation. He was thereafter pardoned and sought restoration of his confiscated estate. The Supreme Court held that while a pardon "blots out the offense" so that guilt of it cannot thereafter affect the rights of the pardoned felon, it does not "make amends for the past." 95 U.S. (5 Otto) at 153. Therefore, the Supreme Court held, "[h]owever large . . . may be the power of pardon possessed by the President," that power is not unlimited, and "it cannot touch monies in the treasury of the United States, except as expressly authorized by act of Congress." *Id.* at 154. The petitioner in *George Fee Application*, like the plaintiff in *Knote*, sought the distribution of funds without compliance with the statutory condition. The pardon made no difference. We granted no relief.

McDougal, like the petitioner in *George Fee Application*, is asking "this court to do precisely what the Constitution," and the Supreme Court in *Knote* and other cases, forbid. 62 F.3d at 1436. That is, she is seeking "to have the court authorize payment from the treasury despite the lack of congressional authorization." Pardoned or not, McDougal cannot truthfully assert that no indictment has been brought against her. Like the petitioner in *George Fee Application*, she can take nothing under the statute.

McDougal, however, apparently believes the effect of the indictment runs only as to the portion of the investigation that preceded it. This is not a self-evident proposition. Congress did not declare that subjects who were unindicted could recover all of their reasonable attorneys' fees and that those who were indicted could recover their attorneys' fees only thereafter. As we have said many times, the Act "constitutes a waiver of sovereign immunity" and therefore "is to be strictly construed." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam). McDougal's argument also approximates a theory we have previously rejected. In *In re Nofziger (Bragg Fee Application)*, 956 F.2d 287 (D.C. Cir., Spec. Div., 1992) (per curiam), we stated "since the statute only contemplated awarding reimbursement of fees if no indictment was brought, it follows that Congress never considered waiving sovereign immunity for the payment of any post-indictment attorneys' fees." *Id.* at 289. We acknowledge that the facts of the *Bragg* petition differ from those before us. However, we need not pursue whether that decision is distinguishable, since even as to the fees after the initial indictment, McDougal pleads her own ineligibility on the face of her petition. On May 4, 1998, McDougal was again indicted, this time for two counts of criminal contempt and one count of obstructing the Independent Counsel's investigation. In her application McDougal states, "this indictment seeks only reimbursement of fees stemming from the 1998 indictment." While we appreciate her candor, we cannot help but find it surprising that the face of an application dependent upon the lack of an indictment reflects the connection of the petition to an indictment.

McDougal makes an argument, albeit a lame one, asserting her eligibility for an award of fees in spite of the clear incompatibility of the language of the statute and her petition. She notes that the trial jury acquitted her on one count of the indictment and deadlocked on the other two. She further notes that thereafter, the Independent Counsel accepted dismissal of the counts upon which the jury had reached no verdict. She then asserts her eligibility for fees on the theory that this case is governed by *In re Nofziger*. In that case we held that an individual who had been the subject of an *invalid* indictment survived the "no indictment" require-ment of the statute.[1] However, *Nofziger* is in no sense parallel to the present case. In *Nofziger*, before the filing of the fee petition, the Court of Appeals for the District of Columbia Circuit had held that the indictment omitted an essential element of the offense it purported to charge, and therefore was invalid as stating no offense against the laws of the United States. 925 F.2d at 434–35. Not only has no court held the indictment against McDougal to be invalid, her petition advances no argument as to any defect in the indict-ment. Her assertion is simply that because she was never convicted, and because the investigation was surrounded by a "carnival-like atmosphere" and reflected law becoming "poli-tics by other means," this court should "find [that] the 1998 indictment was invalid." None of this offers any legal reason why the indictment is not valid or why it does not disqualify her from the receipt of counsel fees.

Congress did not say that fee awards are available to an individual who is indicted but acquitted. Congress did not say that the court may award attorneys' fees to an individual whose indictment was drawn in a "carnival-like atmosphere" or in an investigation which the fee petitioner or anyone else deems "political." Congress explicitly said that the court may award fees only "if no indictment is brought against such individual pursuant to that investigation." 28 U.S.C.

---

[1] The petitioner in *Nofziger* nonetheless was not awarded attor-neys' fees as the court concluded that he had not satisfied "the 'but for' requirement of the Act." 925 F.2d at 450.

§ 593(f)(1). The Act "constitutes a waiver of sovereign immunity" and therefore "it is to be strictly construed." *In re Nofziger*, 925 F.2d at 438. We have no statutory authority to award McDougal any fees on this petition, and the petition is therefore denied.

## Conclusion

For the reasons set forth above, we award no fees to the petitioner and dismiss the petition.

*So ordered.*[2]

---

[2] The court thanks the Attorney General and the Independent Counsel for their comments on this petition pursuant to 28 U.S.C. § 593(f)(2).