# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed November 1, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(SCHAUFELE FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## **O R D E R**

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Michael Schaufele for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Michael Schaufele for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk
By:
Marilyn R. Sargent
Chief Deputy Clerk

1

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed November 1, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(SCHAUFELE FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

**ON APPLICATION FOR ATTORNEYS' FEES**

Opinion for the Special Court filed *PER CURIAM*.

*PER CURIAM*: Michael Schaufele petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591-599 (2000) ("the Act" or "the Independent Counsel Statute"), for reimbursement of attorneys' fees in the amount of $242,438.14 that he claims were incurred during and as a result of the investigation conducted by the Independent Counsel. Because the Act provides for reimbursement of attorneys' fees only for individuals not indicted, we deny the petition in its entirety.

## Background

During the so-called Whitewater investigation, Independent Counsel Kenneth W. Starr (hereinafter "IC"), under authority granted to him by this Court, conducted an examination of the finances of Webster Hubbell, a former Associate Attorney General and former member of the Rose Law Firm in Little Rock, Arkansas. Specifically, the examination focused on whether Hubbell's payment of personal expenses with funds from the Rose Law Firm violated mail or wire fraud statutes, and whether Hubbell unlawfully failed to report this income on his tax filings. With the evidence from this examination arrayed against him, Hubbell pled guilty to felony tax evasion and mail fraud, and was sentenced to prison.

As part of his plea agreement, Hubbell agreed to provide information to the IC about matters relating to the Whitewater investigation. Later, when the IC apparently came to believe that Hubbell was not cooperating, he served Hubbell with a subpoena seeking certain financial and tax documents. In response, Hubbell invoked his Fifth Amendment privilege against self-incrimination and declined to say what, if any, responsive documents existed. The IC then obtained an order granting Hubbell immunity and compelled him to reply to the subpoena.

While reviewing the subpoenaed documents, evidence was discovered by the IC that Hubbell, along with others including Michael Schaufele, Hubbell's accountant and the fee petitioner here, concealed Hubbell's income and, in the words of the IC, "impeded the ascertainment, assessment, and collection efforts of certain creditors, including the IRS, the State of Arkansas, the District of Columbia, and the Rose Law Firm." Using this evidence, the IC was able to gain an indictment against Hubbell, Schaufele, and others.

To resolve this indictment, Hubbell entered a conditional guilty plea to a willful failure to pay tax. In exchange for his plea, the IC dismissed the remaining counts of the indictment against him and the other indictees, including Schaufele. The Supreme Court subsequently held that the documentary evidence intended to be used against Hubbell was inadmissible as it was derived from compelled testimony and would violate his Fifth Amendment privilege against self-incrimination. *See United States v. Hubbell*, 530 U.S. 27, 45-46 (2000). In accordance with the terms of the plea agreement, the IC then moved the trial court to dismiss the indictment against Hubbell and to vacate his guilty plea, and the motion was granted.

Pursuant to § 593(f)(1) of the Act, Schaufele now petitions the court for reimbursement of attorneys' fees in the amount of $242,438.14 that he claims were incurred during and as a result of the IC's investigation.

## Discussion

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). We are thus authorized in an independent counsel investigation to award attorneys' fees to a subject of the investigation against whom "no indictment is brought."

Although Schaufele was indicted, he nevertheless argues that his indictment was "invalid" and therefore he is eligible for a fee award. Apparently, Schaufele is contending that since the "Supreme Court . . . made clear that the Indictment was invalid as to Webster Hubbell," then the indictment as to him was invalid also. To support this argument, Schaufele contends that if the Supreme Court had made its ruling on the Hubbell matter "before the grand jury returned an indictment, there never would have been any charges filed against Mr. Schaufele because knowing that a valid tax indictment could not be brought against Mr. Hubbell, Mr. Schaufele simply would have been of no interest to the IC." Or, as Schaufele himself alternatively puts it, "the IC would never have sought an indictment of Mr. Schaufele alone, had Mr. Hubbell not been a target."

The IC, after reviewing Schaufele's fee petition, disputes Schaufele's argument that his indictment was invalid. To begin, the IC notes that in only one fee petition filed under the Act has the court held that an indictment was invalid. *See In re Nofziger*, 925 F.2d 428, 435 (D.C. Cir., Spec. Div., 1991) (per curiam). According to the IC, in *Nofziger* the fee petitioner had been indicted, but on appeal his indictment was found to not allege all the elements of the offense charged. The Court of Appeals consequently held that the indictment should have been dismissed, *see U.S. v. Nofziger*, 878 F.2d 442, 454 (D.C. Cir. 1989), and this court in *Nofziger* subsequently held the indictment invalid because "in order for an indictment to be valid, it must allege the elements of the offense charged." *In re Nofziger*, 925 F.2d at 433. The IC then argues that the situation in *Nofziger* is a "far cry" from the one here in that "[t]he Supreme Court never held that the indictment against Hubbell was invalid; rather, the Court concluded the indictment had to be dismissed because the government could not prove that it had obtained the indictment with evidence that was 'wholly independent' of the testimonial aspect of Hubbell's production

documents."

Furthermore, the IC takes issue with Schaufele's claim that he would have been of no interest to the IC's investigation absent Webster Hubbell, noting that Hubbell and Schaufele, among others, were prosecuted because it was "determined that their criminal scheme wherein they spent hundreds of thousands of dollars while concealing assets from the IRS and making no payments whatsoever on their outstanding debt [was] worthy of prosecution."

In its evaluation, the DOJ takes the position that because Schaufele was indicted his fee application is "facially deficient" and he thus does not qualify for reimbursement of attorneys' fees. In support of this argument, the DOJ first cites to *In re Nofziger*, 925 F.2d at 432, asserting that in that case the court held that "an indictment that is ultimately ruled to have been invalid <u>ab initio</u> does not bar an individual from seeking fees," but then argues that in a later case, *In re North (Fernandez Fee Application)*, 37 F.3d 663, 665 (D.C. Cir., Spec. Div., 1994) (per curiam), the court held that "an individual may not recover fees when a valid indictment against him is later dismissed." In effect the DOJ is arguing that Schaufele's situation falls under *Fernandez* and not *Nofziger*, because Schaufele's indictment was not found to be invalid but rather was dismissed as a result of prosecutorial discretion. Furthermore, argues the DOJ, Schaufele does not in fact claim in his application that his indictment was invalid "but merely urges that the indictment never would have been brought had it been known in advance that certain evidence could not be used against Hubbell."

**Analysis**

Schaufele is ineligible for any fee reimbursement because, although his indictment was dismissed, it was nevertheless valid.

In two previous cases, we disagreed with the fee petitioner's claim that a dismissal of the petitioner's indictment rendered the indictment invalid. In the first, *Fernandez*, the petitioner, a CIA Station Chief, was indicted during the Iran-Contra investigation for making false statements to federal investigators. He then invoked the Classified Information Procedures Act, which "balances the government's need to prevent the disclosure of classified information against the need of criminal defendants to use classified information in their defense." 37 F.3d at 663-64. Subsequently, the district court dismissed the indictment because of the government's objection to the petitioner's proposed disclosure of classified information. In his petition for attorneys' fees filed pursuant to the Act, Fernandez argued that "the independent counsel should have known that a prosecution of [him] would inevitably result in a dismissal of the indictment," that therefore the indictment was invalid and, as in *Nofziger*, he was entitled to fee reimbursement. *Id.* at 665. We disagreed, stating that *Nofziger* did not support Fernandez's fee petition because, on appeal from the district court, Nofziger's indictment was held to be void, not in fact an "indictment" at all, and was therefore not a bar to recovery of fees. For Fernandez, although his indictment was subsequently dismissed, he was nevertheless "validly indicted" and therefore could not recover fees. *Id.* at 663-65.

Then, in *In re Madison Guar. Sav. & Loan (McDougal Fee Application)*, 353 F.3d 53 (D.C. Cir., Spec. Div., 2004) (per curiam), the petitioner, having been acquitted on one count of the indictment with the other two counts dismissed after a deadlock by the jury, claimed that her indictment was, as in *Nofziger*, invalid. We stated that "*Nofziger* is in no sense parallel to [McDougal's] case," noting that "no court [has] held the indictment against McDougal to be invalid," and furthermore that "her petition advances no argument as to any defect in the indictment." *Id.* at 56. The indictment was

therefore valid and McDougal was not eligible for reimbursement under the Act. *Id.*

Here, Schaufele's situation more closely follows those in *Fernandez* and *McDougal* rather than that in *Nofziger*. The dismissal of his indictment was apparently an act of "prosecutorial discretion," *see* ROBERT W. RAY, FINAL REPORT OF THE INDEPENDENT COUNSEL, IN RE: MADISON GUARANTY SAVINGS & LOAN ASSOCIATION, VOL. III, 69-70 (2001), which appears similar to the dismissal made in *Fernandez*. And as in both *Fernandez* and *McDougal*, there has been no court ruling that his indictment was void. Consequently, as we stated in *In re North (George Fee Application)*, 62 F.3d 1434, 1436 (D.C. Cir., Spec. Div., 1994) (per curiam), "[t]he language of § 593(f)(1) waives sovereign immunity for attorneys' fees only if no indictment has been brought. We cannot expand this waiver to allow an award to a person who has been indicted." Because Schaufele was indicted, and his indictment was valid, he is not eligible under the Act for reimbursement of attorneys' fees incurred in the IC's investigation.

## Conclusion

For the reasons set forth above, the petition for fees of Michael Schaufele is denied as he has failed to satisfy the "no indictment" requirement of the Act.